IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| CYNTHIA BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| BRICKLES CLEANERS, INC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of age and disability and provide appropriate relief to Cynthia Bennett ("Bennett") who was adversely affected by such practices. Plaintiff alleges that on or about June 12, 2019, Brickles Cleaners, Inc ("Defendant") violated the ADEA and the ADA when it unlawfully discharged Bennett from employment due to her age (68) and her disability (surgery on her knee and resulting restrictions).

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5-(f)(1) and (3) ("Title VII") and pursuant to Section 10 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §66(b) (the "ADEA"),

which incorporates by reference Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Augusta Division.

## PARTIES

3. Plaintiff, Cynthia Bennett is a resident of Richmond County, Augusta, Georgia

4. Defendant, Brickles Cleaners is a Georgia domestic profit corporation with principal office and registered agent, Wiley Brickle, addressed at 4296 Washington Road, Evans, Columbia County, GA 30809.

5. At all relevant times, Defendant Brickles Cleaners, Inc. has continuously been doing business in the State of Georgia and the City of Augusta and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant Brickles Cleaners Inc. has continuously been an employer and engage in an industry affecting commerce under Section 701(b), (g) and (h) of Title CII, 4 U.S.C. §2000e(b), (g), and (h) and Sections 11(b), (g) and (h) of he DEA, 9 U.S.. §§64(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days prior to the institution of this lawsuit, Cynthia Bennett filed a charge with the Equal Employment Opportunity Commission (the "Commission") alleging violations of Title VII and ADEA by Defendant.

8. On April 19, 2021, the Commission issued to Defendant (and Plaintiff) a Letter of Determination finding reasonable cause to believe that Title CII and the ADEA were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief. (attached as Plaintiff's Exhibit A). Defendant refused the invitation

## STATEMENT OF CLAIM

9. Plaintiff began working for the Defendant in 1995 as a clerk in the Defendant's dry-cleaning store located on Walton Way, Augusta, GA.

10. After having worked for the company for over twenty (20) years, Plaintiff needed to take medical leave for a necessary knee surgery in June 2018.

11. Upon return from her surgery, Plaintiff was repeatedly asked by Defendant's representatives "when" she was going "to retire".

12. Having only made $8-10/hour for the duration of her employment, Plaintiff advised Defendant that she had no plans to retire at present but would reconsider retiring when she turned seventy (70) years old.

13. Plaintiff was able to perform all of her duties and responsibilities after surgery and requested merely to be able to sit whenever possible.

14. Following Plaintiff's surgery, Defendant reduced Plaintiff's hours of employment, and began pressuring Plaintiff to reduce her hours even more.

15. Plaintiff explained to Defendant's representative that she could not survive financially on fewer hours.

16. On June 12, 2019 Defendant terminated Plaintiff.

17. Within days of Plaintiff's termination, Defendant hire a substantially younger individual to replace Plaintiff, and another within three (3) months in the same position as Plaintiff.

18. The Commission found that Defendant's preferred non-discriminatory reason for terminating Plaintiffs employment did not withstand scrutiny and was a pretext for unlawful age discrimination and unlawful disability discrimination.

19. The effect of the unlawful employment practices complaint of above have been to deprive Plaintiff, Cynthia Bennett, of equal employment opportunities and otherwise adversely affect her status as employee, because of her age and disability.

20. The unlawful employment practices complained of above were intentional.

21. The unlawful employment practice complaint of above were carried out with malice and/or reckless indifference to the federally protected rights of the Plaintiff, Cynthia Bennett.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court:

A. Order Defendant to make Cynthia Bennett whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practiced including but not limited to reinstatement.

B. Order Defendant to make Plaintiff Cynthia Bennett whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

      C.      Order Defendant to make Plaintiff Cynthia Bennett whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above including but not limited to damages from emotional pain and suffering, anxiety, stress, depression and humiliation in amounts to be determined at trial.

      D.      Order Defendant to Plaintiff Cynthia Bennett liquidated and/or punitive damages for its malicious and reckless conduct as described above, in amounts to be determined at trial.

      E.      Grant a permanent injunction enjoining the Defendant, its offices, agents, servants, employees, attorney and all persons in active concert or participation with it, from denying employment opportunities to individuals over 40 years of age or older, or engaging in any employment practice that discriminates on the basis of disability.

      F.      Order Defendant to institute and carry our policies, practices and programs which provide equal employment opportunities to individuals over 40 years of age or older and those suffering from disabilities and eradicate the effects of its past and present unlawful employment practices.

      G.      Grant such further relief as the Court deems necessary and proper,

      H.      Award Plaintiff attorney's fees and costs in this action.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

/s/ Edward J. Tarver

Edward J. Tarver
GA Bar No.: 698380
Attorney for Plaintiff

Enoch Tarver, P.C.
3540 Wheeler Road, Ste 312
Augusta, GA 30909
706-738-4141
etarver@enochtarver.com